# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARIE SEVERNS, individually and on behalf of all others similarly situated,**

    Plaintiff,

    -vs-                              Case No. 15-C-1168

**EASTERN ACCOUNT SYSTEM OF CONNECTICUT, Inc.,**

    Defendant.

## DECISION AND ORDER

This is a putative class action for alleged violations of the Fair Debt Collection Practices Act and the Wisconsin Consumer Act. The defendant, Eastern Account System of Connecticut, Inc., seeks to moot this case by depositing funds with the Court as contemplated by *dicta* in *Campbell-Ewald v. Gomez*, --- U.S. ----, 136 S. Ct. 663 (Jan. 20, 2016).

In *Campbell-Ewald*, the Court held that an unaccepted offer of judgment does not moot an individual claim, but left open the possibility that "the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." 136 S. Ct. at 672. The dissenting opinions seized upon this possibility. *Id.* at 680

("The settlement offer promises 'prompt payment,' and it would be mere pettifoggery to argue that Campbell might not make good on the promise. In any event, to the extent there is a question whether Campbell is willing and able to pay, there is an easy answer: have the firm deposit a certified check with the trial court") (Roberts, C.J., dissenting) (internal citation omitted); *id.* at 684 ("Alternatively, a defendant might deposit the money with the district court (or another trusted intermediary) on the condition that the money be released to the plaintiff when the court dismisses the case as moot") (Alito, J., dissenting).

However, this course of action would not moot the instant case because the plaintiff moved for class certification. "Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) (overruled on other grounds by *Chapman v. First Index, Inc.*, 796 F.3d 783, 786 (7th Cir. 2015) (noting that plaintiff could not accept settlement offer while a motion for class certification was pending because it would "amount to abandonment of the persons he undertook to represent")). In *Campbell-Ewald*, the plaintiff "had not moved for class certification before his claim became moot," and the lower court

- 2 -

Case 2:15-cv-01168-RTR   Filed 02/24/16   Page 2 of 3   Document 18

"held that 'an unaccepted Rule 68 offer of judgment – for the full amount of the named plaintiff's individual claim and made *before the named plaintiff files a motion for class certification* – does not moot a class action." 136 S. Ct. at 668 (emphasis added). In short, the procedure for depositing funds suggested in *Campbell-Ewald* cannot be used when a motion for class certification is pending, as in the instant case.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** EAC's motion for leave to deposit funds [ECF No. 13] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2016.

**SO ORDERED:**

*[signature]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**